**NOWELL AMOROSO KLEIN BIERMAN, P.A.**
155 Polifly Road
Hackensack, New Jersey 07601
(201) 343-5001 (t)
(201) 343-5181 (f)
tmartin@nakblaw.com
Attorneys for Defendant, Central Freight Lines, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, | |
| Plaintiff, | Civil Action No.: 07-cv-10440 |
| v. | DEFENDANT CENTRAL FREIGHT LINES, INC.'S DISCLOSURE STATEMENT PURSUANT TO FED. R. CIV. P. 7.1 |
| CENTRAL FREIGHT LINES, INC., and CASESTACK, INC., | |
| Defendants. | |

---

PURSUANT TO RULE 7.1 OF THE FEDERAL RULES OF CIVIL PROCEDURE, THE UNDERSIGNED COUNSEL FOR DEFENDANT CENTRAL FREIGHT LINES, INC., STATES THAT THE FOLLOWING ARE CORPORATE PARENTS AND PUBLICALLY HELD CORPORATIONS THAT OWN 10% OR MORE OF THE PLAINTIFF'S STOCK:

NONE.

NOWELL AMOROSO KLEIN BIERMAN, P.A.
Attorneys for Defendant, Central Freight Lines, Inc.

By: s/ *Thomas C. Martin*
Thomas C. Martin

Date: December 11, 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL FREIGHT LINES, INC.,<br>and CASESTACK, INC.,<br><br>Defendants. | ) Civil Action No:<br>) 07-cv-10440<br>)<br>)<br>)<br>)<br>) ANSWER, CROSS-CLAIM<br>) AND AFFIRMAITVE<br>) DEFENSES<br>) |

## ANSWER

For its answer and affirmative defenses to the Complaint, defendant Central Freight Lines, Inc. ("Central Freight") states and alleges as follows:

Unless specifically admitted in this Answer, all claims, theories, allegations and paragraphs in plaintiff's Complaint are denied.

1. The allegations in this paragraph of the Complaint set forth a legal conclusion to which no Answer is called for. Central Freight admits that this case is governed by the Carmack Amendment, 49 U.S.C. § 14706.

2. Deny.

3. Central Freight admits that it is a common carrier of fright in interstate commerce and at all relevant times was licensed by the Federal Motor Carrier Safety Administration for that purpose. Deny the remainder.

4. Deny.

5. Deny.

6. Deny.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to Plaintiff's Complaint, Central Freight states as follows:

1. Central Freight denies each and every allegation in the Complaint not specifically admitted.

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3. Any damages that plaintiff may have suffered, which are expressly denied, were directly caused by or contributed to by the negligence of others and plaintiff should therefore be barred from recovery from Central Freight.

4. Central Freight met all of its obligations under all shipping agreements.

5. Whatever shipment defendant received for transportation was accepted in accordance with and subject to all the terms and conditions of the Uniform Straight Bill of Lading and Central Freight's effective rates, rules, classifications and tariff, and the rules and regulations of the Federal Motor Carrier Safety Administration and the provisions of the Interstate Commerce Commission Termination Act of 1995, which together form the contract of carriage for the transportation of said shipment and define the responsibilities of Central Freight in this matter. Central Freight duly performed all of the terms and conditions thereunder which it was required to perform.

6. Central Freight's liability to plaintiff, if any, is limited to the declared or released rate valuation in accordance with the bill of lading and Central Freight's rates, rules, classifications and tariffs governing the subject shipment.

7. Under the Bill of Lading contract, Central Freight is not liable for any loss or damage caused by or resulting from an act, omission or order of the shipper, or from a defect or

inherent vice of the article, improper labeling, or improper packaging, or loading or unloading of the shipment.

8. The Bill of Lading contract and Central Freight's rates, rules, classifications and tariffs do not contemplate carrier responsibility for special damages such as loss of use, loss of revenue, lost profits, additional contractor costs and the like. To the extent any of the damages sought by plaintiff in its Complaint constitute special damages, Central Freight is not liable.

9. In the event that the shipment that is the subject of the Complaint was moved subject to any limitations of liability, the plaintiff may not recover in excess of such limitations.

10. The Carmack Amendment to the ICCTA, 49 U.S.C. § 14706, preempts the plaintiff's state law claims against Central Freight.

11. The Bill of Lading contract further required that as a condition precedent to recovery, claims must be filed in writing with the carrier within nine (9) months after delivery of the shipment or, in the case of failure to make delivery, then within nine (9) months after a reasonable time for delivery elapsed, and that suit must be instituted against the carrier within two (2) years and one day from the date when the claim is denied. In the event plaintiff's claim on the shipment that is the subject of its Complaint was insufficient or defective or was not filed within the above-described time limits, then it is barred from any recovery in this action.

12. Central Freight reserves the right to plead any additional defenses as they become known through discovery in this case.

13. Any and all allegations of liability against the Defendant herein are barred as the factual allegations in the Complaint constitute an Act of God for which there can be no liability against the Defendant.

14. The shipment which is the subject of the complaint was transported with reasonable dispatch.

15. The shipment which is the subject of the complaint was loaded, packaged and counted by the shipper and/or its agent and the carrier is not responsible for any damage to such shipments caused by the improper loading and/or packaging thereof.

16. In the event that the plaintiff had not or has not any title or interest in the shipments that are the subject of the Complaint, then the plaintiff is not the real party in interest herein and is not entitled to maintain this suit.

17. If the shipment which is the subject of the Complaint suffered any loss or damage or delay, such loss, damage or delay was caused by acts or omissions of third parties over whom the Defendant had no control nor right of control.

**WHEREFORE**, Central Freight requests judgment dismissing with prejudice Plaintiff's Complaint and awarding defendant its reasonable attorneys' fees and costs in this action.

## CROSS-CLAIMS

By way of Cross-Claim, against the co-defendant, Casestack, Inc., Central Freight ,states as follows:

1. At the time and place mentioned in the Complaint, the alleged damages sustained resulted solely from the actions of the co-defendant, Casestack, Inc., and responsibility is, therefore, upon co-defendant, Casestack, Inc. or if there was any negligence on the part of Central Freight, which negligence is denied, the negligence or actions of the co-defendant, Casestack, Inc., was a major contributing factor therein and therefore, the co-defendant, Casestack, Inc. is liable with Central Freight.

2. By reason of the actions of the co-defendant, Casestack, Inc., Central Freight is

entitled to recover from the co-defendant, Casestack, Inc., a proportionate share of all of which the Plaintiff may recover.

3. Central Freight denies being obligated or liable under the claims for relief asserted; and, Central Freight alleges as against the co-defendant, Casestack, Inc. that (a) any obligation imposed upon Central Freight to respond in damages would only be as the result of the operation of law based upon technical liability, imputed or implied, whereas the actual fault, liability, negligence or responsibility was that of the co-defendant, Casestack, Inc., to this litigation; (b) any obligation of Central Freight to respond in damages would be based upon negligence, whereas the causative act or failure to act was that of the co-defendant, Casestack, Inc., to this litigation; and (c) arising out of the relationship between the parties is a contractual obligation entitling Central Freight to indemnification from the co-defendant, Casestack, Inc., to this litigation.

WHEREFORE, Central Freight demands judgment against co-defendant, Casestack, Inc., and judgment of restitution, indemnification, contribution, and/or apportionment of responsibility from the co-defendant, Casestack, Inc. to this litigation.

                              **Nowell Amoroso Klein Bierman, P.A.**
                              Attorneys for Defendant,
                              Central Freight Lines, Inc.

                              By: /s/ *Thomas C. Martin*
                                    Thomas C. Martin

Dated: 12/11/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FEDERAL INSURANCE COMPANY )
) Civil Action No:
) 07-cv-10440
Plaintiff, )
v. )
)
)
) NOTICE OF APPEARANCE
CENTRAL FREIGHT LINES, INC., )
and CASESTACK, INC., )
)
Defendants.

Thomas C. Martin, Esq., being an attorney-at-law of the State of New Jersey and admitted to the bar of the State of New Jersey, and also admitted to practice in the United States District Court, Southern District of New York, hereby formally enters his appearance of Record as Designated Trial Counsel in this matter on behalf of the Defendant, Central Freight Lines, Inc. and to be bound accordingly. Notices and papers may be mailed and/or served upon him on behalf of the Defendant, at the following address:

Thomas C. Martin, Esq.
Nowell Amoroso Klein Bierman, P.A.
155 Polifly Road
Hackensack, New Jersey 07601
Telephone: (201)343-5001
Fax: (201)343-5181
E-mail: tmartin@nakblaw.com

**Nowell Amoroso Klein Bierman, P.A.**
Attorneys for Defendant,
Central Freight Lines, Inc.

By: /s/ *Thomas C. Martin*
Thomas C. Martin

Dated: December 11, 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br><br><br>CENTRAL FREIGHT LINES, INC.,<br>and CASESTACK, INC.,<br><br>Defendants. | ) Civil Action No:<br>) 07-cv-10440<br>)<br>)<br>)<br>)<br>)<br>) NOTICE OF APPEARANCE<br>)<br>)<br>) |

William D. Bierman, Esq., being an attorney-at-law of the State of New Jersey and admitted to the bar of the State of New Jersey, and also admitted to practice in the United States District Court, Southern District of New York, hereby formally enters his appearance of Record as Designated Trial Counsel in this matter on behalf of the Defendant, Central Freight Lines, Inc. and to be bound accordingly. Notices and papers may be mailed and/or served upon him on behalf of the Defendant, at the following address:

William D. Bierman, Esq.
Nowell Amoroso Klein Bierman, P.A.
155 Polifly Road
Hackensack, New Jersey 07601
Telephone: (201)343-5001
Fax: (201)343-5181
E-mail: wbierman@nakblaw.com

**Nowell Amoroso Klein Bierman, P.A.**
Attorneys for Defendant,
Central Freight Lines, Inc.

By: /s/ William D. Bierman
William D. Bierman

Dated: December 11, 2007