Jean M. Gardner, Esq. (JG5544)
SCHINDEL, FARMAN, LIPSIUS, GARDNER & RABINOVICH LLP
14 Penn Plaza, Suite 500
New York, New York 10122
(212) 563-1710 ext. 240
Attorneys for Defendant, Casestack, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
FEDERAL INSURANCE COMPANY           :
                                    :     07 Civ. 10440 (UM)(FM)
                  Plaintiff,        :     ECF CASE
                                    :
    -against-                       :
                                    :     **ANSWER AND**
CENTRAL FREIGHT LINES, INC.,        :     **CROSS-CLAIMS**
CASESTACK, INC.,                    :
                                    :
                  Defendant.        :
------------------------------------------------------------x

Defendant Casestack, Inc., by its attorneys Schindel, Farman, Lipsius, Gardner & Rabinovich, LLP, for its answer to the complaint, states as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 1 of the complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 2 of the complaint.

3. Denies each and every allegation contained in paragraph 3 of the complaint, except admits that Casestack. Inc. is a freight forwarder licensed to transport goods in interstate commerce.

4. Denies each and every allegation contained in paragraph 4 of the complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 5 of the complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 6 of the complaint.

## GENERAL PROVISION

1. Any and all allegations not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

2. Plaintiff has failed to state a cause of action against defendant Casestack, Inc.

### SECOND AFFIRMATIVE DEFENSE

3. Plaintiff's claims are preempted by the Carmack Amendment.

### THIRD AFFIRMATIVE DEFENSE

4. Plaintiff has commenced this action in an inconvenient forum.

### FOURTH AFFIRMATIVE DEFENSE

5. Whatever shipments were received by Casestack, Inc. were accepted in accordance with, and subject to all the terms and conditions of all applicable contracts, bills of lading, any applicable tariffs and classifications, and the rules set forth therein. Casestack, Inc. duly performed the terms and conditions on its part to be performed. Casestack, Inc. claims the

benefit of all defenses accorded it by those waybills and by all other applicable contracts under which the shipment traveled.

## FIFTH AFFIRMATIVE DEFENSE

6. Plaintiff has failed to present a claim and/or suit within the appropriate time limitations required by the contract of carriage.

## SIXTH AFFIRMATIVE DEFENSE

7. The liability of Casestack, Inc. if any, is limited by the terms and conditions of the various contracts of carriage.

## SEVENTH AFFIRMATIVE DEFENSE

8. The loss, if any, occurred as a result of an act or default of the shipper or its agent, without any intervening action on the part of Casestack, Inc.

## EIGHTH AFFIRMATIVE DEFENSE

9. The loss, if any, occurred as a result of an inherent vice in the cargo, without any intervening act on the part of Casestack, Inc.

## NINTH AFFIRMATIVE DEFENSE

10. The loss, if any, occurred as a result of an act of God, without any intervening act on the part of Casestack, Inc.

### TENTH AFFIRMATIVE DEFENSE

11. To the extent that plaintiff seeks recovery for special damages, Casestack, Inc. is not responsible.

### ELEVENTH AFFIRMATIVE DEFENSE

12. In the event that the plaintiff had not or has not any title or interest in the shipments that are the subject of this action, then the plaintiff is not the real party of interest herein and is not entitled to maintain this suit.

### TWELFTH AFFIRMATIVE DEFENSE

13. Casestack, Inc. exercised reasonable care at all times in connection with the shipment alleged in the Complaint. Casestack, Inc. is not responsible for any loss or damage caused by any cause or event which could not be avoided and the consequence which could not be prevented by the exercise of reasonable diligence.

### THIRTEENTH AFFIRMATIVE DEFENSE

14. Upon information and belief, plaintiff has failed to mitigate damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

15. Casestack, Inc. hereby reserves all of its rights to amend this answer and or supplement its Affirmative Defenses in accordance with any additional information developed during the course of discovery.

## FIRST CROSS-CLAIM AGAINST CENTRAL FREIGHT LINES, INC.

16. Any injury or damage sustain as alleged in the complaint was caused solely by reason of the negligence of defendant, Central Freight Lines, Inc. without an negligence or culpable conduct on the part of defendant Casestack, Inc. contributing thereto.

17. If plaintiff recovers judgment against Casestack, Inc. for the injuries or damages alleged in the Complaint, such liability will have been brought about or caused solely by the careless, negligent or culpable acts or omissions of defendant Central Freight Lines, Inc. and its agents, servants or employees, and defendant Casestack, Inc. is entitled to full indemnity in an amount equal to the total sum of any such judgment, together with costs and disbursements of the within action.

## SECOND CROSS CLAIM AGAINST CENTRAL FREIGHT LINES, INC.

18. Any injury or damage sustained as alleged in the complaint was caused solely by reason of the negligence of defendant Central Freight Lines, Inc. without any negligence or culpable conduct on part of defendant, Casestack, Inc. contributing thereto.

19. If plaintiff recovers judgment against Casestack, Inc. for the injuries or damage alleged in the Complaint, such liability will have been brought about or caused, in substantial part, by the careless, negligent or culpable acts or omissions of defendant Central Freight Lines, Inc. its agents, or employees, and Casestack, Inc. is entitled to contribution from Central Freight Lines, Inc. in accordance with the relative culpability of each defendant in an amount equal to any sum which may be recovered herein by plaintiff, together with costs and disbursements of the within action or in the alternative, that Casestack, Inc. shall have judgment over and against defendant Central Freight Lines, Inc., for contribution and

apportionment, together with costs and disbursements of this action, and all other relief which to this Court may seem just and proper.

WHEREFORE, defendant Casestack, Inc. demands judgment dismissing the complaint, or in the alternative for judgment on the cross-claim for the amount of any judgment against defendant Casestack, Inc. together with costs, disbursement and such other and further relief as this Court deems just and proper.

Dated: February 19, 2008
       New York, New York

                         SCHINDEL, FARMAN, LIPSIUS, GARDNER &
                         RABINOVICH LLP

                         By: _____
                            Jean M. Gardner (JG5544)
                         14 Penn Plaza, Suite 500
                         New York, New York  10122
                         (212) 563-1710

AFFIDAVIT OF SERVICE

STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF NEW YORK           )

I, Kimberley Crossen, being duly sworn, states as follows: I am over 18 years of age, not a party to the within action, and reside at 14 Penn Plaza, Suite 500, New York, New York 10122. On February 19, 2008, I served the within Answer and Cross-Claims upon the person(s) or parties designated below by mailing a true and complete copy of same in a postage pre-paid envelope, and depositing same in a post office or official depository of the United States Postal Service within New York State, at the last known address of the addressee(s) as set forth herein.

TO:  Harold M. Kingsley, Esq.
     KINGSLEY, KINGSLEY & CALKINS
     91 West Cherry Street
     Hicksville, New York  11801
     Attorneys for Plaintiff

_____
Kimberley Crossen

Sworn to before me this
19th day of February, 2008

_____
Notary Public

LORIENTON N.A. PALMER
Notary Public, State of New York
No. 02PA4983745
Qualified in Nassau County
Commission Expires July 8, 2011